UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KRISTY TRIPP,<br><br>                    Plaintiff,<br><br>    vs.<br><br>UNUM LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>                    Defendant. | 4:26-CIV-04003-CBK<br><br>ORDER |

The Court entered an order for discovery report. The parties filed a discovery report wherein defendant claims this matter is exempt from the initial disclosure under Fed. R. Civ. P. 26(a)(1)(B)(i) and from any discovery, contending that this matter is limited to review of the administrative record before the plan administrator, who is the defendant. Plaintiff contends that discovery is appropriate.

Plaintiff contends in the complaint that defendant violated ERISA by wrongfully denying benefits to plaintiff under the long-term disability policy issued by defendant through plaintiff's former employer. Plaintiff claims she is entitled to benefits under 29 U.S.C. § 1132(a)(1)(B).

"Typically, Plaintiffs are not entitled to discovery beyond the administrative record in an ERISA disability insurance coverage action." Gibson v. Unum Life Ins. Co. of Am., 2026 WL 172541, at *1 (D. Minn. 2026), *citing, inter alia*, Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 777 (8th Cir. 1998). "That rule generally applies to cases where Plaintiffs are seeking judicial review of a denial of benefits. However, the scope of discovery may be expanded if a Plaintiff shows good cause." *Id.*

Plaintiff alleges that, in conjunction with the denial of continuing disability benefits, defendant hired an attorney to assist plaintiff in obtaining Social Security Disability Insurance (SSDI) benefits. If true, such fact would implicate the defendant's breach of its fiduciary duty to plaintiff in its determination whether she is entitled to

disability benefits – such fact may imply a preference for insureds to seek and obtain SSDI in lieu of plan benefits. Proof of such an allegation would not be part of the administrative record. In addition to the payment of benefits, plaintiff seeks an award of other legal or equitable relief deemed appropriate. The United States Supreme Court has held that ERISA claims under § 502(a)(1)(B) do not prohibit equitable relief under § 502(a)(3) "in the form of monetary 'compensation' for a loss resulting from a trustee's [plan administrator's[1]] breach of duty, or to prevent the trustee's unjust enrichment." CIGNA Corp. v. Amara, 563 U.S. 421, 441–42, 131 S. Ct. 1866, 1880, 179 L. Ed. 2d 843 (2011).

When there are allegations of procedural irregularity in the plan fiduciary's denial of benefits, district courts may admit "supplemental evidence for the limited purpose of determining the proper standard of review." Waldoch v. Medtronic, Inc., 757 F.3d 822, 830 (8th Cir. 2014), as corrected (July 15, 2014). Compliance with Rule 26 preliminary disclosures and discovery is appropriate in this case.

Based upon the foregoing,

IT IS ORDERED that the parties shall file a revised Rule 26(f) report, cooperating in responding to parts D and E of the order for discovery report, Doc. 11.

DATED this 7th day of April, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

---

[1] "The case before us concerns a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of a plan (which ERISA typically treats as a trust)." CIGNA Corp. v. Amara, 563 U.S. 421, 439, 131 S. Ct. 1866, 1879, 179 L. Ed. 2d 843 (2011).